IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

ROGER MASON                         :      Civil Action No. _____

    Plaintiff,                      :

vs.                                 :

BANK OF AMERICA and LITOW           :
LAW OFFICES, P.C.,
                                    :
    Defendants.

COMPLAINT AND JURY DEMAND

Plaintiff Roger Mason, by his attorney Ray Johnson, for his claims against the Defendants states:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

1

## III. PARTIES

3. Plaintiff, Roger Mason, is a natural person residing in Warren County, Iowa.

4. Defendant, Litow Law Offices, P.C. (hereinafter "Litow") is a law firm engaged in the business of collecting debts in the state of Iowa with its principal place of business located in Cedar Rapids, Iowa.

5. Defendant Litow is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant Bank of America is a creditor engaged in extending credit through credit card agreements

## IV. FACTUAL ALLEGATIONS

7. Roger Mason's wife, Phyllis Mason, had a credit card with Bank of America. Phyllis Mason was the only person responsible for the account. Roger Mason was nothing more than an authorized user on the account and rarely, if ever, used the account. Phyllis Mason filed Chapter Seven bankruptcy and the debt with Bank of America was discharged. Bank of America then switched the name on the account from Phyllis Mason to Roger Mason. It repeatedly contacted the Masons to collect the debt even though neither Roger Mason nor Phyllis Mason had an obligation to pay the account.

8. Encore Receivables Management began collecting the alleged account for Bank of America. Encore was repeatedly told that Roger Mason was not obligated on the account and was told not to contact the Masons further. Encore stated it would continue to call, and it did so. Phyllis Mason requested a copy of the card holder agreement that purportedly obligated Roger Mason on the account. Encore told Phyllis Mason that neither it nor Bank of America would provide it to her and she would have to subpoena it.

Phyllis Mason told Encore they were represented by an attorney. Encore continued contacts with the Masons anyway. Counsel then sent a letter to Encore demanding verification and insisting that direct contacts with the Masons cease.

9. Thereafter, on May 4, 2005, Trauner, Cohen & Thomas, L.L.P. sent a collection letter directly to Mr. Mason on behalf of its client, Bank of America. The letter from Trauner, Cohen & Thomas stated it was from a law firm, but further stated that "no attorney with this Firm has personally reviewed the particular circumstances of your account." Had anyone at Trauner, Cohen & Thomas bothered to make any diligent review of the alleged account prior to sending the form letter demanding payment for $7,757.53, it would have been readily apparent that Roger Mason was not obligated on this account and that Bank of America had repeatedly been informed of that fact. Furthermore, it would have been readily apparent that the Masons were represented by an attorney and that there were to be no further contacts with them. Despite the "disclaimer" referenced above, the fact is that the letter is intended to, and did, create the impression that the account had been turned over to an attorney who might proceed with further action against Mr. Mason.

10. On information and belief, no lawyer at Trauner, Cohen and Thomas, L.L.P. did any diligent review of the Mason credit card account file prior to sending the form collection letter to Roger Mason.

11. Counsel sent a letter to Trauner, Cohen and Thomas disputing the alleged debt and insisting that there be no further contacts with the Masons directly.

12. Thereafter, and without providing the requested verification, Bank of America turned the account over to Litow Law Office. Litow, representing Bank of

America, then began contacting the Masons directly even though Bank of America, Encore, and its attorneys, Trauner, Cohen and Thomas, L.L.P. had been repeatedly notified that the Masons were represented by counsel.

13. Litow Law Office was advised that Roger Mason was not obligated on the account and that the account had been discharged in bankruptcy. Litow Law Offices informed Phyllis Mason that "it did not work that way" and continued to demand payment.

14. Litow Law Offices was also informed that the Masons were represented by an attorney and were given the attorney's name. Despite that information, Litow Law Office continued to contact the Masons directly.

15. On August 25, 2005, Litow filed a lawsuit against Roger Mason in Warren County District Court seeking $6,742.73 plus interest at 27.9%. In addition to the fact that the lawsuit was totally baseless, Count III of that lawsuit falsely alleged that Bank of America had submitted a statement of the account to Roger Mason (apparently on April 22, 2005) that Mr. Mason had purportedly accepted and acquiesced to. By April of 2005, Roger Mason was represented by counsel and had been repeatedly disputing his purported obligation to pay this account that was not his and that had been discharged in bankruptcy. Moreover, Bank of America and its attorneys were not even supposed to be communicating with Roger Mason directly in April of 2005 because they had received notification that Mason was represented by counsel.

16. On September 8, 2005, counsel filed an Answer to the Warren County action against Roger Mason. With that Answer, Litow was sent discovery requests and a letter requesting a date and time for the deposition of Bank of America on "all facts and

documents it has supporting its allegation that Roger Mason is contractually obligated on the account at issue." The letter further stated that "[m]y client does not believe he is obligated on this account. He has repeatedly requested verification from Bank of America and its debt collectors that he is. The verification has never been provided. It seems a little outrageous for Bank of America to file a lawsuit rather than comply with this very reasonable request."

17. On September 12, 14, 15 and 16th, Litow Law Office, on behalf of Bank of America, once again contacted, or attempted to contact the Masons directly. On the 16th, Litow Law Office was told by Phyllis Mason once again that the Masons were represented by counsel. Despite Litow Law Office's prior dealings with counsel, an Answer on file with counsel's name, address and phone number, and the above-referenced letter, Mike Casey of Litow Law Offices told the Masons that it did not have counsel's name and address, which also caused concern as to whether counsel had even filed an Answer to the lawsuit. The timing of the call strongly suggests that, in fact, the call was a direct result of the letter and Answer sent by counsel to Litow. Casey then proceeded to discuss the matter with Phyllis Mason rather than immediately terminating the call upon being informed the Masons were represented by counsel.

18. Litow Law Office and Bank of America never produced the documentation showing that Roger Mason was obligated on the account. Bank of America was never made available for deposition. Instead, on or about November 9, 2005, Litow Law Office dismissed Bank of America's lawsuit against Roger Mason without prejudice.

V. FIRST CLAIM FOR RELIEF
(Litow Law Office Only)

19. All facts and allegations of this Complaint are re-alleged and incorporated herein by reference.

20. Litow Law Office violated the federal FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting the Masons on behalf of Bank of America when the Defendant knew or should have known that the Masons were represented by an attorney; and

    b. Defendant violated 15 U.S.C. § 1692e by using one or more false, deceptive or misleading representations or means in connection with the collection of an alleged debt.

### VI. SECOND CLAIM FOR RELIEF
(Both Defendants)

21. All facts and allegations of this Complaint are re-alleged and incorporated herein by reference.

22. For purposes of Mr. Mason's alleged obligation to Bank of America, Bank of America was a "creditor" as defined in Iowa Code § 537.7102(2).

23. Mr. Mason's alleged obligations to Bank of America were "debts" as defined by Iowa Code § 537.7102(3).

24. With regard to attempts to collect from Mr. Mason as alleged herein, Litow Law Office and Bank of America were "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

25. Defendants violated the State Act. The foregoing acts, omissions and practices of Litow Law Office and Bank of America were violations of Iowa Code § 537.7103, including but not limited to:

a. Defendant violated Iowa Code § 537.7103(4)(e) by making an intentional misrepresentation, or a representation that tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal preceding (Bank of America only);

b. Defendant violated Iowa Code § 537.7103(5)(d) by the attempt to collect amounts not expressly authorized by the agreement creating the obligation and that were legally chargeable to the alleged debtor, or were otherwise legally chargeable (Bank of America only); and

c. Defendants violated Iowa Code § 537.7103(5)(e) by making a communication with a debtor when the Defendants knew that the alleged debtor was represented by an attorney (both Defendants).

26. As a proximate result of the unfair debt collection, Mr. Mason has suffered actual damages and injury including, but by no means limited to aggravation, inconvenience, and emotional distress, for which he should be compensated in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

A. *Actual damages against both Defendants.*

B. Statutory damages pursuant to 15 U.S.C. § 1692k against Litow Law Office.

C. Statutory damages pursuant to Iowa Code § 537.5201(1) against both Defendants.

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against Litow Law Office, and against both Defendants pursuant to Iowa Code §

537.5201(8) (in an amount jointly and severally, but to eliminated double recovery).

E. For such other relief as the Court deems appropriate in the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues in the above captioned matter.

Respectfully submitted,

*[signature]*

RAY JOHNSON
PK2868344
Johnson Law Firm
P.O. Box 27062
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com